**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6910**

DAVID MEYERS,

Petitioner - Appellant,

v.

JEFFERY L. NEWTON, Superintendent,

Respondent - Appellee.

**No. 19-6936**

DAVID MEYERS,

Petitioner - Appellant,

v.

EDWARD WRIGHT, Warden; G.E.O., INC.; VIRGINIA DEPARTMENT OF CORRECTIONS,

Respondents - Appellees.

DAVID MEYERS,

Petitioner - Appellant,

v.

JEFFERY L. NEWTON, Superintendent,

Respondent - Appellee.

Appeals from the United States District Court for the Eastern District of Virginia, at Richmond.  James R. Spencer, Senior District Judge; Robert E. Payne, Senior District Judge.  (3:12-cv-00857-JRS; 3:16-cv-00005-REP-RCY; 3:13-cv-00546-JRS)

Submitted:  November 8, 2019                    Decided:  November 19, 2019

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Dismissed by unpublished per curiam opinion.

David Meyers, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, David Meyers, a Virginia inmate, has filed a consolidated notice of appeal, but did not designate the orders he seeks to appeal. We dismiss these appeals for lack of jurisdiction.

Pursuant to Fed. R. App. P. 3(c)(1)(B), a notice of appeal must specify the judgment or order being appealed. We construe this rule liberally "asking whether the putative appellant has manifested the intent to appeal a specific judgment or order and whether the affected party had notice and an opportunity fully to brief the issue." *Jackson v. Lightsey*, 775 F.3d 170, 176 (4th Cir. 2014). "This principle of liberal construction does not, however, excuse noncompliance with the Rule." *Smith v. Barry,* 502 U.S. 244, 248 (1992). Because the dictates of Rule 3 are jurisdictional, each requirement must be satisfied as a prerequisite to appellate review. *Id.* In his one-page consolidated notice of appeal, Meyers failed to indicate the orders being appealed. Accordingly, we lack jurisdiction.

Moreover, parties are accorded 30 days after the entry of the district court's final judgment or order to note an appeal, or 60 days if the United States or an officer or agency is a party. Fed. R. App. P. 4(a)(1)(A), (B). The district court may extend the appeal period under Fed. R. App. P. 4(a)(5), or reopen the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Meyers' notice of appeal is untimely as to any order.

Accordingly, we dismiss these appeals for lack of jurisdiction. We also deny as moot Meyers' motions in Nos. 19-6910 and 19-6945 to proceed on appeal in forma

pauperis. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED